## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY-A OF THE FAMILY: BRADLEY, *a living soul and breathing Man, in proper person, sui juris, Executor of the Courtney-A Bradley Cestui Que Trust*, | ) ) ) ) ) | No. 4:25-CV-254 HEA |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| KIM EVANS, *Director of the Missouri DSS-FSD,* et al., | ) ) ) | |
| Defendants. | ) ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants Kim Evans and Patrick Luebbering's Motion to Dismiss. (ECF No. 11). Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff "Courtney-A of The Family: Bradley" (hereinafter "Plaintiff"), who is proceeding in this matter *pro* se without the assistance of counsel, opposes the motion, which is fully briefed and ripe for review.[1] For the reasons that follow, Defendants' Motion to Dismiss is granted.

---

[1] In his response to the Defendants' Motion to Dismiss, Plaintiff refers to himself as Courtney A. Bradley.

## *I.  Background*

Plaintiff brings the above-captioned cause of action against Kim Evans, Director of the Missouri Department of Social Services ("DSS") and Family Support Division ("FSD"), and Patrick Luebbering, Chief Financial Officer of Missouri DSS and FSD.  In his Amended Complaint (hereinafter "Complaint"), Plaintiff alleges that he is a living man currently located in Nevada, "operating in the private as Executor of the Missouri-formed Courtney-A Bradley Cestui Que Trust, with domicile preserved in Missouri for jurisdictional purposes."  (ECF No. 5 at 2).  He maintains that he has "established his name as a business entity registered as a Missouri LLC, operating under private capacity and family trust structure" and that he has registered the names of his son and daughter "as fictitious entities under said family business, consistent with UCC and Missouri state business laws, thereby rebutting any presumption of public dependency."  (*Id.*)

Plaintiff alleges that DSS-FSD has pursued administrative actions against him in the enforcement of child support orders.  He states that he is challenging the lawful authority, jurisdiction, and procedures under which DSS-FSD has enforced child support obligations against him.  He alleges "these obligations have been pursued without a valid judgment, verified contract, lawful due process, or proper subject matter jurisdiction."  (*Id.*)  He further alleges that he "was not provided notice, a lawful hearing before a competent tribunal, nor any opportunity to rebut the

presumption of liability with competent witnesses," and that "[a]ll enforcement actions taken by DSS-FSD occurred from administrative process lacking judicial oversight or lawful standing." (*Id.* at 2-3). According to the Complaint, for over 17 years his private bank accounts have been frozen, and his wages were garnished at multiple jobs. As a result, he has been deprived of access to funds necessary for sustenance, and Defendants' actions have created economic instability. He also alleges that Defendants' conduct resulted in the destruction of the relationship between him and his daughter and son.

In his Complaint, Plaintiff brings one count against the two defendants pursuant to 42 U.S.C. § 1983 for deprivation of rights under color of law. Plaintiff alleges "Defendants, acting under color of state law, have deprived Plaintiff of his constitutional protected rights, including due process, under the Fifth and Fourteenth Amendments." (*Id.* at 3). He alleges that "[e]nforcement actions were taken without subject-matter jurisdiction, without verified complaints or sworn affidavits of a damaged party, in violation of Plaintiff's rights to life, liberty, property, and fair legal process." (*Id.*) Plaintiff brings this claim against Defendants Evans and Luebbering in their official and individual capacities.

For relief, Plaintiff seeks compensatory damages in the amount of $50,000.00, as well as punitive damages. Plaintiff also seeks declaratory and injunctive relief. Plaintiff asks the Court to declare that Defendants' actions were unlawful and

unconstitutional.  He also asks that the Court enjoin further enforcement of the DSS-FSD proceedings against him, and that the Court order "removal and termination of any ongoing garnishments or obligations tied to the challenged support order."  (*Id.*)  Finally, Plaintiff asks that the Court "[r]ecognize and appoint the presiding Judge as fiduciary trustee over this matter to initiate appropriate claims and commercial enforcement against any associated GSA bonds, pursuant to fiduciary duty under public trust[.]" (*Id.*)

Defendants move to dismiss Plaintiff's Complaint in its entirety.  Defendants argue that the *Rooker-Feldman* doctrine bars Plaintiff from bringing his claims in this Court.  In the alternative, Defendants argue that they are entitled to qualified immunity with respect to claims brought against them in their individual capacities, and that Plaintiff's claims brought against them in their official capacities are barred under the Eleventh Amendment to the United States Constitution.

## II.  Legal Standard

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies to a motion to dismiss for lack of subject matter jurisdiction that, like here, asserts a facial challenge under Rule 12(b)(1).  *See Titus v. Sullivan*, 4 F.3d 590, 593 n.1 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *see also Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980) (applying Rule 12(b)(6) standard to dismissal for lack of subject matter jurisdiction).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2).  The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").   Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  *Id.*

Finally, a complaint filed by a *pro se* plaintiff should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss).  The complaint, however, "still must allege sufficient facts to support the claims advanced."  *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a *pro se* plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.

5

1981) ("[P]*ro se* litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## III. Discussion

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). The burden of establishing the Court's jurisdiction is on the party asserting it, which here is Plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which is often called federal question jurisdiction. Defendants, however, argue that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine provides that "with the exception of *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis Cnty.*,

6

222 F.3d 488, 492 (8th Cir. 2000) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416). The *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). United States district courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional[.]" *Feldman*, 460 U.S. at 486. Consequently, an aggrieved party who was unsuccessful in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416). This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds*, 222 F.3d at 492. Thus, federal district courts may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003) (quoting *Feldman*, 460 U.S. at 492-93).

Defendants argue that by contesting the enforcement of state-ordered child support, Plaintiff is necessarily challenging the validity of a state court judgment and, as such, his claim is barred under the *Rooker-Feldman* doctrine. Plaintiff responds that he is not "merely" asking the Court to review a state court judgment, but rather "I am asserting that such judgments arise from a series of illegal and unconstitutional acts by the Defendants, who have engaged in fraudulent enforcement of a child support order." (ECF No. 14 at 1-2). Plaintiff also writes that he is contending "that the Child Support order imposed upon me constitutes a fictious debt that allegedly arises from systemic fraud and deception." (ECF No. 14, Ex. 3 at 1).

The Court agrees with Defendants that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Plaintiff is challenging enforcement of state court child support orders, and he also seeks a ruling on the validity of those state court orders. Plaintiff couches his claims as federal claims under 42 U.S.C. § 1983 and the United States Constitution, but ultimately, he is contesting child support orders, and he asks the Court to enjoin enforcement of these orders and seeks compensation for injuries he allegedly sustained as a result of the orders. In other words, Plaintiff is explicitly asking the Court to review the validity of state court child-support orders. The Court finds Plaintiff's claims are inextricably intertwined with state court decisions regarding child support and, therefore, the claims must be dismissed under the

*Rooker-Feldman* doctrine for lack of subject matter jurisdiction. *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003); *Stergen v. Stergen*, No. 4:23-CV-1231 PLC, 2024 WL 1463744, at *5 (E.D. Mo. Apr. 4, 2024); *Glover v. Missouri Child Support Enf't Agency*, No. 4:15-CV-22 AGF, 2016 WL 427943, at *3 (E.D. Mo. Feb. 4, 2016).

Finding the Court lacks subject matter jurisdiction in this case, the Court declines to address whether Defendants are entitled to qualified immunity with respect to claims brought against them in their individual capacities, or if Plaintiff's claims against them in their official capacities are barred under the Eleventh Amendment to the United States Constitution.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Kim Evans and Patrick Luebbering's Motion to Dismiss is **GRANTED.** Consistent with the terms of this Opinion, Memorandum and Order, Plaintiff's claims are **DISMISSED** without prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

The Court will issue a separate Order of Dismissal.

Dated this 22nd day of October, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9