## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY-A OF THE FAMILY: BRADLEY, *a living soul and breathing Man, in proper person, sui juris, Executor of the Courtney-A Bradley Cestui Que Trust,* | ) ) ) ) ) ) | No. 4:25-CV-254 HEA |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| KIM EVANS, *Director of the Missouri DSS-FSD,* et al., | ) ) ) | |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Alter or Amend Judgment, filed by Plaintiff Courtney-A of The Family: Bradley ( "Plaintiff") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (ECF No. 25). Defendants Kim Evans and Patrick Luebbering oppose the motion. Plaintiff failed to file a reply memorandum, and the time to do so has expired. Consequently, the motion is ripe for review. For the reasons that follow, Plaintiff's Motion to Alter or Amend Judgment will be denied.

---

[1]Plaintiff is proceeding in this matter *pro se* without the assistance of counsel.

In this action, Plaintiff brought suit against Kim Evans, Director of the Missouri Department of Social Services ("DSS") and Family Support Division ("FSD"), and Patrick Luebbering, Chief Financial Officer of Missouri DSS and FSD. Plaintiff challenged the lawful authority, jurisdiction, and procedures under which DSS-FSD has pursued administrative actions against him in the enforcement of child support orders. He alleged that Defendants unlawfully pursued child support against him "without a valid judgment, verified contract, lawful due process, or proper subject matter jurisdiction." (ECF No. 5 at 2). He further alleges that he "was not provided notice, a lawful hearing before a competent tribunal, nor any opportunity to rebut the presumption of liability with competent witnesses," and that "[a]ll enforcement actions taken by DSS-FSD occurred from administrative process lacking judicial oversight or lawful standing." (Id. at 2-3).

On July 22, 2025, Defendants moved to dismiss Plaintiff's claims. Defendants argued, among other things, that the *Rooker-Feldman* doctrine barred Plaintiff from bringing his claims in federal court. The parties filed legal memoranda in support of and in opposition to the motion, and on October 22, 2025, the Court granted Defendants' Motion to Dismiss, finding that the Court lacked subject matter jurisdiction to hear this dispute under the *Rooker-Feldman* doctrine.

In the motion presently before the Court, Plaintiff moves that the Court reverse the dismissal of his claims. Plaintiff argues that the Court misapplied the

*Rooker-Feldman* doctrine. He contends that he is not seeking review of a state court judgment, but rather he challenges DSS-FSD's "independent and continuing administrative actions." (ECF No. 25 at 1). He also asks the Court to consider evidence that was not in the record at the time the Court ruled on Defendants' Motion to Dismiss.

## *Discussion*

"Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1015 (8th Cir. 2012).

Plaintiff has not established that he is entitled to relief under Rule 59(e). First, Plaintiff has not shown that the Court erred in applying the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that "with the exception of *habeas*

*corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). A plaintiff, who was unsuccessful in state court, "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416). This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds*, 222 F.3d at 492. Thus, federal district courts may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003) (quoting *Feldman*, 460 U.S. at 492-93).

In his Motion to Alter or Amend Judgment, Plaintiff argues, as he argued before in response to Defendants' Motion to Dismiss, that he is not challenging a state court order, but rather, seeks relief from Defendants' administrative actions. In his complaint, Plaintiff is challenging the enforcement of child support orders, but he is also challenging the validity of those orders. He alleges "[child support]

obligations have been pursued without a valid judgment, verified contract, lawful due process, or proper subject matter jurisdiction." (ECF No. 5 at 2). For relief, Plaintiff asks the Court to enjoin further enforcement of the DSS-FSD proceedings against him, and that the Court order "removal and termination of any ongoing garnishments or obligations tied to the challenged support order." (*Id.* at 3). As stated before, Plaintiff's claims and his request for relief are "inextricably intertwined with a state court decision." *Prince v. Ark. Bd. of Exam'rs in Psych.*, 380 F.3d 337, 340 (8th Cir. 2004). Plaintiff has not shown that the Court erred in applying the *Rooker-Feldman* doctrine in this case.

Second, Plaintiff states in his Motion to Alter Judgment that he has obtained additional evidence showing that DSS-FSD "reported alleged arrears to Equifax as a collection account, therefore acting as an unauthorized creditor," and this evidence will show that his injury "stems from Defendants' independent administrative acts rather than any state-court adjudication." (ECF No. 25 at 2).

In order to be entitled to relief based on newly discovered evidence, a plaintiff must show: "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result."

*Ryan*, 889 F.3d at 508 (citing *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006)). *See also Briscoe*, 690 F.3d at 1015–16 (applying same standard).

Plaintiff has not shown that the evidence he asks the Court to consider was unavailable before the Court's ruling on Defendants' Motion to Dismiss, let alone that he exercised diligence to obtain the evidence. But even if Plaintiff had submitted the evidence in response to Defendants' Motion to Dismiss, it would not change the Court's ruling. On a Rule 12(b)(1) motion to dismiss, the Court reviews the allegations contained in the complaint to determine whether the Court has subject matter jurisdiction. *See Titus v. Sullivan*, 4 F.3d 590, 593 n.1 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Evidence of Defendants' collection efforts does not change the fact that in in his Amended Complaint, Plaintiff is challenging the validity of a state court ruling, and he is asking the Court to enjoin enforcement of state court child support orders. Plaintiff is not entitled to the relief he seeks because he has not shown how the outcome would have been different had the Court considered his evidence when it decided Defendants' Motion to Dismiss.

In sum, Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Courtney-A of The Family: Bradley's Rule 59(e) Motion to Alter or Amend Judgment is **DENIED**.  (ECF No. 25).

Dated this 16th day of December, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE